IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| GYBRILLA B. BLAKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:14-cv-1652-GBL/IDD |
| | ) |
| MARTIN J. GRUENBERG, Chairman, Federal | ) |
| Deposit Insurance Corporation, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the court on Defendant, Martin J. Gruenberg, Chairman of the Federal Deposit Insurance Corporation ("FDIC")'s Motion for Summary Judgment (Doc. 30). Plaintiff Gybrilla B. Blakes brought this civil action against Defendant alleging race and sex discrimination, as well as retaliation, under Title VII of the Civil Rights Act of 1964. (Doc. 1). Defendant asserts that Plaintiff's claims are untimely because Plaintiff did not file her Complaint in this Court within ninety days of receiving notice of the FDIC's Final Agency Decision ("FAD"). Defendant also asserts that Plaintiff has not presented sufficient claims to merit equitable tolling (Doc. 31). Plaintiff argues that although her Complaint was filed after the statute of limitations expired, her claims merit equitable tolling because she was induced or tricked, by the FDIC, into filing her Complaint late (Doc. 36-1). Specifically, Plaintiff claims she believed that the FDIC was processing her request to have a settlement agreement from a prior Equal Employment Opportunity ("EEO") complaint reopened, rather than the FDIC's issuance of an FAD on the EEO Complaint at issue here. *Id.* Plaintiff also argues that her claims merit equitable tolling due to extraordinary circumstances. *Id.* Namely, that her attorney had to

care for his sick sister, preventing him from timely filing the Complaint. *Id.* Finally, on October 1, 2015, ten months after her Complaint was filed, Plaintiff filed a Motion for Extension of Time to Late File her Complaint of Race and Sex Discrimination and Reprisal (Doc. 47).

The first issue before the Court is whether the Court should grant Defendant's Motion for Summary Judgment because Plaintiff filed the Complaint after the ninety-day statutory filing period or whether Plaintiff's claims merit equitable tolling.

The second issue before the Court is whether the Court should grant Plaintiff's Motion for Extension of Time to Late File her Complaint of Race and Sex Discrimination and Reprisal because (1) there was only an eight day filing delay; (2) the delay has not prejudiced the parties because discovery was completed in a timely manner; (3) the reason for the delay was beyond Plaintiff's control; and (4) Plaintiff acted in good-faith in attempting to prosecute her claim.

The Court GRANTS Defendant's Motion for Summary Judgment for two reasons. First, Plaintiff's claims are time barred because Plaintiff filed her Complaint after the ninety-day statutory limitations period expired. Second, Plaintiff's claims do not warrant equitable tolling because she was not induced or tricked by the FDIC's misconduct into filing her Complaint after the limitations period and Plaintiff has not demonstrated an extraordinary circumstance that prevented her from timely filing her Complaint.

The Court further DENIES Plaintiff's Motion for Extension of Time to Late File her Complaint of Race and Sex Discrimination and Reprisal because Plaintiff does not assert any new claims or justifications to support the Motion. Instead, Plaintiff's Motion reiterates the same claims addressed in Plaintiff's response to Defendant's Motion for Summary Judgment. Therefore, each of Plaintiff's claims are addressed in this Court's opinion on Defendant's Motion for Summary Judgment.

## I. BACKGROUND

This case arises from a race discrimination and retaliation claim. Gybriella B. Blakes, Plaintiff, has been a Lead Personnel Security Specialist in the FDIC since January 19, 2010 (Doc. 1). On December 5, 2014, Plaintiff filed a Complaint against Defendant Martin J. Gruenberg, Chairman of the FDIC, alleging that Defendant violated Title VII of the Civil Rights Act of 1964 by discriminating against Plaintiff on the basis of her race (African American) and her sex (female). *Id.* Plaintiff additionally argues that Defendant retaliated against her for filing two complaints with the Equal Employment Opportunity Commission ("EEOC"). *Id.*

Plaintiff's discrimination claim alleges that on April 17, 2013 and December 4, 2013, respectively, she was discriminated against when she received her mid-term and annual Performance Management and Recognition ("PMR") evaluations. *Id.* Plaintiff's performance evaluations reflected a job standards rating of "3," a behavior standards rating of "Appropriate," and an overall performance rating of "3" lower than her prior job evaluations of 4 or higher. *Id.* Plaintiff also alleges that she was discriminated against when she was removed from a monthly budget meeting on April 9, 2013 and informed that another employee would attend the meeting in her place. *Id.* Furthermore, Plaintiff alleges that she was discriminated against when her supervisor conducted a fact-finding inquiry on whether she failed to disclose information to her supervisors. *Id.* Finally, she alleges she was discriminated against when she was issued a Letter of Reprimand on March 14, 2013 for improper conduct, which led her supervisor to propose that she receive seven calendar days without pay suspension for the alleged improper conduct. *Id.*

From January 2011 to February 2011, Plaintiff served as the Oversight Manager of the FDIC's contractor. *Id.* While in this position, Plaintiff complained to the FDIC Ethic's Office

about an inappropriate romantic relationship within her office (Doc. 1). After this, Plaintiff claims, her immediate supervisor retaliated against her for speaking to the FDIC Ethic's office by removing her from the Oversight Manager position and initiating a fact-finding inquiry against her. *Id.* Plaintiff also claims she was retaliated against when she received her mid-term and annual PMR evaluations in 2013, she was excluded from the monthly budget meeting calendar, received a Letter of Reprimand, and when her supervisor proposed a seven calendar day suspension for alleged improper conduct. *Id.*

On October 31, 2012, Plaintiff filed her first EEO Complaint alleging that the fact-finding inquiry was discriminatory and retaliatory (Doc. 31). These allegations were settled through meditation and a settlement agreement. *Id.* On June 17, 2013, Plaintiff filed a second formal EEO complaint alleging race and gender discrimination, reprisal, and hostile work environment. *Id.* On June 23, 2014, Plaintiff, by and through her attorney, sent a letter to the FDIC requesting that the Agency issue an immediate FAD, waiving her right to a hearing (DEX 25). Accordingly, on August 28, 2014, the FDIC issued an FAD denying the claims Plaintiff asserted in the second EEO complaint and sent a copy via certified mail to both Plaintiff and her attorney (DEX 25, 26).

On August 29 and 30, 2014, the United States Postal Service ("USPS") attempted to deliver the FAD to Plaintiff and her counsel, respectively (Doc. 36-1). On the same day, USPS left a notice at the intended location of Plaintiff and her counsel regarding the attempted delivery of the FAD (DEX 27, 28). On September 15, 2014, Plaintiff's attorney retrieved the FAD and right to sue letter from USPS (Doc. 36-1; DEX 27). On December 5, eighty-one (81) days after retrieving the FAD from USPS and ninety-eight (98) days after Plaintiff received notice, Plaintiff filed suit in this Court (Doc. 31).

4

On December 5, 2014, Plaintiff filed the Complaint asserting Defendant violated her Title VII of the Civil Rights Act of 1964 first, by discriminating against her because of her race and sex, and second, by retaliating against her (Doc. 1). On September 14, 2015, Defendant filed a Motion for Summary Judgment alleging no genuine issue of material fact exists because Plaintiff's claims are untimely, Plaintiff's discrimination and retaliation claims are untenable, and Plaintiff cannot establish that Defendant's legitimate, non-discriminatory reasons for its employment actions were pretextual (Doc. 30).

On October 1, 2015, Plaintiff filed her Opposition to Defendant's Motion for Summary Judgment (Doc. 36). Plaintiff alleges that her claims are timely although she submitted the Complaint after the ninety-day limitations period because her claims merit equitable tolling (Doc. 36-1). Plaintiff also alleges that her discrimination and retaliation claims constitute actionable adverse actions and they are warranted and justifiable. *Id.*

On October 9, 2015, Defendant filed its Reply Memorandum in Support of the Motion for Summary Judgment (Doc. 49). Defendant, again, asserts that Plaintiff's claims do not merit equitable tolling, that Plaintiff has not satisfied any step of the *Mc-Donnell Douglass* framework to prove her discrimination or retaliation claims, and that Plaintiff has not shown that the FDIC's legitimate reasons for its actions are pretextual. *Id.* Additionally, on October 1, 2015 Plaintiff filed a Motion for Extension of Time to Late File her Complaint of Race and Sex Discrimination and Reprisal (Doc. 47). Defendant's Motion for Summary Judgment and Plaintiff's Motion for Extension of Time to Late File her Complaint of Race and Sex Discrimination and Reprisal are properly before the Court.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, the Court must grant summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party. *Boitnott v. Corning, Inc.*, 669 F.3d 172, 175 (4th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (citations omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008) (quoting *Anderson*, 477 U.S. at 247–48).

A "material fact" is a fact that might affect the outcome of a party's case. *Anderson*, 477 U.S. at 248; *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248; *Hooven-Lewis v. Caldera*, 249 F.3d 259, 265 (4th Cir. 2001).

A "genuine" issue concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *Resource Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631, 635 (4th Cir. 2005) (quoting *Anderson*, 477

6

U.S. at 248). Rule 56(e) requires the nonmoving party to go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

## II. ANALYSIS

This Court GRANTS Defendant's Motion for Summary Judgment for two reasons. First, Plaintiff's claims were time barred when she filed the Complaint after the ninety-day statute of limitations period. Second, Plaintiff was not induced or tricked by the FDIC's misconduct into filing an untimely complaint, nor has Plaintiff demonstrated that some extraordinary circumstance prevented her from timely filing her Complaint.

This Court furthermore DENIES Plaintiff's Motion for Extension of Time to Late File her Complaint because Plaintiff's proposed Amended Complaint does not assert any claims that were not asserted in her initial Complaint, the subject of this Opinion. Plaintiff reiterates the same claims addressed in Plaintiff's response to Defendant's Motion for Summary Judgment. Therefore, each of Plaintiff's claims is addressed in this Court's Opinion on Defendant's Motion for Summary Judgment.

### A. Defendant's Motion for Summary Judgment is Granted Because Plaintiff's Claims are Time Barred and Do Not Merit Equitable Tolling

#### 1. Plaintiff's Claims are Time Barred

This Court GRANTS Defendant's Motion for Summary Judgment because Plaintiff's claims were time barred when Plaintiff submitted the Complaint more than ninety-days after she received notice of the FDIC's FAD and her right-to-sue letter from USPS.

A Title VII plaintiff has ninety-days to file its claims after the EEOC gives them a right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1). This "ninety-day requirement in Title VII actions

operates as a statute of limitations that must be construed strictly." *Ugbo v. Knowles*, 480 F. Supp. 2d 850, 852 (E.D. Va. 2007). The Fourth Circuit has found that a complaint filed even one day after the ninety day statute of limitations period warrants dismissal. *Beale v. Burlington Coat Factory*, 36 F. Supp. 2d 702, 702 (E.D. Va. 1999); *see also Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987) (holding that a complaint filed "ninety-*one* days after the receipt of a right to sue letter" warrants dismissal) (emphasis added).

The ninety-day limitation period is triggered by the plaintiff's receipt of a right-to-sue letter, which begins "when the Postal Service delivers notice to a plaintiff that the right-to-sue letter is available for pickup." *Beale*, 36 F. Supp. 2d at 702. This means that the plaintiff's receipt of such notice "is triggered by the delivery of a right-to-sue-letter to a plaintiff's home . . . even if the plaintiff does not actually receive the letter." *Watts-Means v. Prince George's Family Crisis Ctr.*, 7 F.3d 40, 42 (4th Cir. 1993). Thus, receipt occurs when the plaintiff is *on notice* that a right to sue letter has been sent. *Beale, 36 F. Supp. 2d at 702; see also Vogel v. Am. Home Prods. Corp. Severance Pay Plan*, 122 F.3d 1065, at *2 (4th Cir. 1997). Furthermore, receipt may occur when the plaintiff or plaintiff's attorney receives the right-to-sue letter. *See Irwin v. Dep't of Veterans Affairs*, 489 U.S. 89, 95-96 (1990) ("[Title VII] . . . does not specify receipt by the claimant rather than by the claimant's designated representative. . . each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.").

Here, there is no dispute regarding Plaintiff's failure to timely file the Complaint. Plaintiff filed a Title VII complaint and must adhere to the ninety-day statute of limitations period for Title VII complainants. 42 U.S.C. § 2000e16(c)); *see also Ugbo*, 480 F. Supp. 2d at 852. Plaintiff failed to adhere to the statute of limitations period when she filed suit more than

ninety-days after receiving notice of her right-to-sue to file the Complaint. Like *Harvey* where the Fourth Circuit found that a complaint filed ninety-one days after the receipt of a right-to-sue letter warrants dismissal, here, Defendant's Motion for Summary Judgment is granted and Plaintiff's Complaint is dismissed because it was filed ninety-eight days after the receipt of her right-to-sue letter. *See Harvey,* 813 F.2d at 654.

Additionally, there is no genuine dispute of material fact regarding the date that Plaintiff received notice of her right-to-sue. According to USPS' certified mail notification to both Plaintiff and her attorney, USPS attempted to deliver the FDIC's FAD and Plaintiff's right-to-sue letter to Plaintiff on August 29, 2014 and to Plaintiff's attorney on August 30, 2014 (DEX 27, 28). Irrespective of Plaintiff and her attorney's lack of presence at the intended addresses, Plaintiff's ninety-day statute of limitations period was triggered on August 29, 2014 when the right-to-sue letter was delivered. (Doc. 31, at 12). Like *Watts-Means* where the Fourth Circuit held that the ninety-day limitations began when USPS left notice at the plaintiff's address and not when she actually picked up the right-to-sue letter five days later, the ninety-day limitations period here, began when USPS attempted to deliver the right-to-sue letter to both Plaintiff and her attorney and not when Plaintiff's attorney picked up the certified mail on September 15, 2014. *See Watts-Means,* 7 F.3d at 42.

Furthermore, it is sufficient that Plaintiff's attorney, and not Plaintiff, actually picked up the right-to-sue letter. *Irwin* made it clear that Title VII does not specify receipt by the claimant rather than by the claimant's designated representative. *Irwin,* 489 U.S. at 95-96. Because receipt is triggered based on notice and not based on when someone actually received the letter, it does not matter whether Plaintiff or her attorney retrieved the actual right-to-sue letter. Instead, the limitations period is calculated solely from the date the letter actually arrived at the

intended address. *See Watts-Means*, 7 F.3d at 42. Therefore, the ninety-day limitation period began when USPS delivered the right-to-sue letter to Plaintiff.

Accordingly, Plaintiff's claims are time-barred because Plaintiff filed the Complaint after the ninety-day limitation period expired. Since *Ugbo* states that the statute of limitations period must be construed strictly. *Ugbo*, 480 F. Supp. 2d at 852.

For these reasons, the Court GRANTS Defendant's Motion for Summary Judgment.

### 2. Equitable Tolling is Not Warranted

The Court GRANTS Defendant's Motion for Summary Judgment because Plaintiff has not successfully demonstrated that either of the two rare instances where equitable tolling is permissible applies to this case. First, Plaintiff was not induced or tricked by the FDIC's misconduct into filing an untimely complaint. Second, Plaintiff has not demonstrated that some extraordinary circumstance prevented her from timely filing her Complaint.

In Title VII cases, the burden is on the plaintiff to prove that the ninety-day time limit should be equitably tolled. *Carnes v. Potter*, 2006 WL 981981, at *3 (E.D. Va. April 12, 2006). However, equitable tolling is a discretionary doctrine that "turns on the facts and circumstances of a particular case." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Federal courts extend equitable relief very sparingly. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *see also Olson v. Mobil Oil Corp.*, 904 F.2d 198, 201 (4th Cir. 1990) ("[e]quitable tolling is a narrow limitations exception.").

To be granted equitable tolling, a plaintiff must successfully establish that one of the following two instances prevented the plaintiff from timely filing the complaint. The plaintiff must demonstrate that he "has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin*, 489 U.S. at 96, 111; *see also Beale v. Burlington*

*Coat Factory*, 36 F.Supp. 2d 702, 704 (1999). Otherwise, the plaintiff must demonstrate that "some extraordinary circumstance stood in [plainitff's] way" and prevented him from timely filing his complaint. *Crabhill v. Charlotte Mecklenburg Bd. of Educ.*, 423 F. App'x 341, 321 (4th Cir. 2011).

First, a plaintiff may demonstrate that he has been induced or tricked if he can prove his employer wrongfully deceived or misled him to conceal the existence of a cause of action. *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987). An intentional concealment of information may serve as a basis of equitable tolling. *See Blumberg v. HCA Management Co.*, 848 F.2d 642, 644 (5th Cir. 1988) (holding that "plaintiff's *unawareness* of the facts gives rise to the claim because of the defendant's intentional concealment of them"). However, a plaintiff's claims of inducement or being tricked fail if the Plaintiff is aware of the limitations period. *Miller v. Int'l Tel. and Tel. Corp.*, 755 F.2d 20, 24 (2d Cir. 1985); *see also Olson*, 904 F.2d at 202 (stating that a critical element of being induced or tricked is "plaintiff unawareness").

Second, a plaintiff can successfully demonstrate that an extraordinary circumstance stood in the way from timely filing the complaint if a complainant presents sufficient evidence of circumstances "beyond [her] own control or external to [her] own conduct . . . that prevented [her] from filing on time." *Crabhill*, 423 F. App'x at 321. In *Ousley*, the court found that equitable tolling did not apply when a plaintiff's attorney "was distracted by her husband's medical condition and her need to care for him." *Ousley v. ResCare Homecare*, 2013 WL 5966050, at *4 (E.D. Mo. Nov. 8, 2013). "A demonstration cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *U.S. v. Williams*, 2011 WL 6842991, at * 2 (E.D. Va. 2011) (citing to *Irwin*, 498 U.S. at 96).

11

If a plaintiff "fails to explain" how the conduct amounts to an extraordinary circumstance, equitable tolling will not be granted. *See Rouse v. Lee*, 339 F.3d 238, 248 (2003) (holding that equitable tolling was not warranted when the plaintiff failed to provide a reason why his medical condition barred him from timely filing documents); *see also U.S. v. Williams*, 2011 WL 6842991, at * 2 (E.D. Va. 2011) (holding that equitable tolling did not apply to a claimant in the hospital because "he fail[ed] to explain how his medical condition was so debilitating . . . as to prevent him from filing"). Additionally, the plaintiff must account for the time within the ninety-day limitations period that was not spent dealing with an extraordinary circumstance. *See Beal*, 36 F. Supp. 2d at 705 (finding equitable tolling inappropriate when "there has been no showing by Plaintiff that he had insufficient time to bring suit"); *Watts-Means v. Prince George's Family Crisis Ctr.*, 7 F.3d 40, 42 (4th Cir. 1993) (holding that equitable tolling was inappropriate where plaintiff had 85 days outside of the extraordinary circumstance to file his complaint); *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987) (holding that equitable tolling was inappropriate where plaintiff had 84 days outside of the extraordinary circumstance to file his complaint); *Roberson v. Bowie State University*, 899 F. Supp. 235, 238 (D. Md. 1995) (holding that equitable tolling was inappropriate where plaintiff had 73 days outside of the extraordinary circumstance to file suit).

Here, Plaintiff has not met the burden of proof because she has not demonstrated that either instance where equitable tolling is permissible applies to her case. First, Plaintiff has failed to prove that the FDIC induced or tricked her into filing her Complaint after the deadline because Plaintiff has not shown how the FDIC wrongfully deceived or misled her by concealing the FAD or right-to-sue letter. Plaintiff alleges that she was induced into believing that her request to re-open a settlement agreement from her *first* EEO complaint would be processed and

sent to her before receiving the FAD and right-to-sue letter on her *second* EEO complaint, the subject of this Opinion. (Doc. 36-1, at 11). Plaintiff argues that she relied upon her request to re-open settlement to determine the primary notification that would be sent to her from the FDIC. *Id.* Plaintiff's assertion fails because she does not allege that the FDIC intentionally concealed any information from her.

Unlike *Blumberg* where the employer intentionally concealed the cause of action from the plaintiff, here, the employer did not conceal the cause of action from Plaintiff because she knew that a cause of action on her *second* EEO complaint was taking place. *See Blumberg*, 848 F.2d at 644. In fact, Plaintiff's assertion that she did not expect to receive the FAD or right-to-sue letter on her *second* EEO complaint is illogical because Plaintiff sent a letter to the FDIC on June 23, 2014, waiving her right to a hearing and requesting that the Agency issue an immediate decision (Doc. 49) (DEX 25).

Plaintiff's claim that she was induced or tricked into filing the Complaint after the deadline also fails because she was aware of the limitations period on the FDIC's response to her request for an immediate decision. *See Miller*, 755 F.2d at 24 (holding that a plaintiff's claim of inducement fails if she is aware of the limitations period). The FDIC is specifically required to issue an FAD within 60 days of a plaintiff filing a request for an immediate decision. 29 C.F.R. § 1614.110. Therefore, Plaintiff should not have been confused about receiving the FAD around the end of August 2014 because Plaintiff's own request should have put her and her attorney on notice to receive the FAD.

Even if Plaintiff believed that the certified mail delivered by USPS contained a response to her request to re-open her first EEO settlement agreement, it does not explain why Plaintiff or her attorney waited over two weeks to pick up the certified mail (Doc. 49). Irrespective of what

13

Plaintiff and her counsel thought the notice contained, Plaintiff deliberately chose to wait until September 15, 2014 to pick up the notice. *Id.* This is not an excusable action and does not explain how Defendant concealed any information from Plaintiff regarding the ninety-day limitation period.

Second, Plaintiff is unable to demonstrate that an extraordinary circumstance prevented her from timely filing the Complaint. The Court is sensitive to a family member's need for emergent care; however, Plaintiff must show that this need amounts to an extraordinary circumstance that prevents Plaintiff from timely filing her complaint. Plaintiff alleges if it were not for her attorney's sister's "life threatening medical emergency" during mid-November 2014, Plaintiff's Complaint would have been timely filed (Doc. 36-1). As evidence of this, Plaintiff relies solely on a declaration from Plaintiff's attorney's sister, Tuwana Greene, stating that she was in critical care from "mid to late November 2014, through December, 2014" (Doc. 36-4).

The Court has great empathy for anyone who has to care for a sick relative and continue to work. However, the emergent need to care for a close family member, *alone*, does not constitute an extraordinary circumstance to merit equitable tolling. Like *Ousley* where the court rejected the plaintiff's argument that equitable tolling should apply because plaintiff's attorney did not explain how "her husband's medical condition and her need to care for him" was an extraordinary circumstance, this Court rejects Plaintiff's argument because she does not explain how her attorney caring for his sister amounts to an extraordinary circumstance. *See Ousley*, 2013 WL 5966050, at *4. Additionally, like *Williams* where the court held that equitable tolling did not apply to the plaintiff who did not explain how his medical condition was so debilitating that he could not timely file the complaint, Plaintiff and her counsel do not explain *how*

Plaintiff's attorney taking care of his sister was so debilitating that this Complaint could not be timely filed. *See Williams*, 2011 WL 6842991 at 2.

Plaintiff has also failed to account for the time that her attorney was *not* exposed to the alleged extraordinary circumstance. Like *Beal* where the court found that equitable tolling was inappropriate when a plaintiff did not show that he had insufficient time to bring the suit, here, Plaintiff's claim of equitable tolling is inappropriate because Plaintiff has not demonstrated that there was insufficient time to file Plaintiff's Complaint give that Plaintiff's attorney's sister did not experience the alleged extraordinary circumstance until mid-November 2014. In light of the fact that Plaintiff's attorney picked up the right-to-sue letter on September 15, 2015, the timeline suggests that Plaintiff had approximately 73 days to file her Complaint to this Court. Therefore, like *Roberson* where the court found that equitable tolling was inappropriate because the plaintiff had 73 days to file suit despite any extraordinary circumstances, equitable tolling is inappropriate here because the Plaintiff had sufficient time to file suit. *See Roberson*, 899 F. Supp. at 238.

Plaintiff's second argument additionally fails because Plaintiff's Complaint was filed during the time period that her attorney allegedly stopped working due to an extraordinary circumstance (Doc.36-1). The fact that Plaintiff's Complaint was filed within the time period that she is alleging an extraordinary circumstance prevented her from timely filing the Complaint demonstrates that if Plaintiff acted earlier, Plaintiff could have filed the Complaint on time notwithstanding the extraordinary circumstances. *U.S. v. Williams*, 2011 WL 6842991, at * 2 (E.D. Va. 2011) (holding that a demonstration of equitable tolling cannot be made "if the petitioner, acting with reasonable diligence, could have filed on time"). Therefore, Plaintiff has failed to demonstrate how her attorney caring for his sister amounts to an extraordinary circumstance that prevented Plaintiff from timely filing her Complaint.

Considering both arguments, the Court concludes that Plaintiff's claims do not warrant equitable tolling. First, Plaintiff has not demonstrated how she was induced or tricked into filing the Complaint past the deadline. Second, Plaintiff has not properly demonstrated how her attorney's sister's condition amounts to an extraordinary circumstance that prevented her from timely filing the Complaint. This Court finds that Plaintiff's claims are thus time barred and equitable tolling is not warranted.

Accordingly, Defendant's Motion for Summary Judgment is GRANTED.

### B. Plaintiff's Motion for Extension to Late File Her Complaint Alleges the Same Defenses Plaintiff Argued in Plaintiff's Opposition to Defendant's Motion for Summary Judgment

On October 1, 2015, Plaintiff filed a Motion for Extension of Time to Late File her Complaint of Race and Sex Discrimination and Reprisal ("Motion") (Doc. 47). This Motion was filed nearly ten months after Plaintiff's first Complaint was filed on December 5, 2015 (Doc. 1). The Motion asserts four main points in support of Plaintiff's request for an extension (Doc. 47). First, Plaintiff argues that there was only an eight day filing delay past the ninety-day statute of limitations period. Second, Plaintiff argues that the filing delay has not prejudiced the parties because discovery was still completed in a timely manner. *Id.* Third, Plaintiff asserts that the reason for the delay was beyond the control of Plaintiff's counsel. *Id.* Lastly, Plaintiff argues that she acted in good-faith attempting to prosecute her claim. *Id.* This Court concludes that Plaintiff's Motion alleges the same defenses that Plaintiff argued in Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Doc. 36) where Plaintiff requested equitable tolling. Thus, Plaintiff's four assertions have already been presented to this Court through Plaintiff's previous briefs and these assertions have been addressed in this Opinion.

This Court still maintains that Plaintiff's claims were time barred when she filed the Complaint after the ninety-day statute of limitations period. This Court furthermore maintains that Plaintiff was not induced or tricked by the FDIC's misconduct into filing an untimely complaint, nor has Plaintiff demonstrated that some extraordinary circumstance prevented her from timely filing her Complaint.

Accordingly, this Court DENIES Plaintiff's Motion for Extension of Time to Late File her Complaint of Race and Sex Discrimination and Reprisal for the reasons deemed.

### III. CONCLUSION

The Court GRANTS Defendant's Motion for Summary Judgment for two reasons. First, Plaintiff's claims are time barred because Plaintiff filed her Complaint after the ninety-day statutory limitations period expired. Second, Plaintiff's claims do not merit equitable tolling because she was not induced or tricked by the FDIC's misconduct into filing her Complaint after the limitations period and Plaintiff has not demonstrated an extraordinary circumstance that prevented her from timely filing her Complaint.

This Court also DENIES Plaintiff's Motion for Extension of Time to Late File her Complaint of Race and Sex Discrimination and Reprisal because Plaintiff's proposed Amended Complaint does not assert any claims that were not asserted in her initial Complaint, the subject of this Opinion. Plaintiff reiterates the same claims addressed in Plaintiff's response to Defendant's Motion for Summary Judgment. Therefore, each of Plaintiff's claims is addressed in this Court's Opinion on Defendant's Motion for Summary Judgment.

For the reasons stated above, it is hereby

**ORDERED** that Defendant Gurenberg's Motion for Summary Judgment (Doc. 30) is **GRANTED**; it is further

**ORDERED** that Plaintiff Blakes' Motion for Extension of Time to Late File her Complaint of Race and Sex Discrimination and Reprisal (Doc. 47) is **DENIED.**

**IT IS SO ORDERED.**

ENTERED this 18th day of December, 2015.

Alexandria, Virginia
12 / 18 / 2015

/s/
Gerald Bruce Lee
United States District Judge